| | | |
|---|---|---|
| NATHAN ALLEN ARMSTRONG,<br>      **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 07-141Erie** |
| | ) | **District Judge McLaughlin** |
| MARILYN BROOKS, et al,<br>      **Defendants.** | ) | **Magistrate Judge Baxter** |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or for summary judgment filed by the Commonwealth Defendants [Document # 34] be granted and the motion to dismiss filed by Defendant Mack [Document # 40] be granted. Further, it is recommended that Plaintiff's motion for summary judgment [Document # 45] be denied. This case should be closed.

By separate text order issued this day, the Clerk of Courts will be directed to retitle Plaintiff's motion to quash [document # 37] and motion to dilapidate [document # 43] as opposition briefs. The Defendants' motion to strike [Document # 46] will be dismissed as moot by text order.

**II.      REPORT**

**A.      Relevant Procedural History**

Plaintiff, who is currently incarcerated within the State Correctional System, brings this civil rights action against Defendants Marilyn Brooks, the former Warden of SCI-Albion; Sandra Gorniak, an accountant at SCI-Albion; Linda Moore Mack, the Clerk of Courts of

Indiana County; and Robert McCarthy, Business Manager at SCI-Albion.[1] Plaintiff alleges that Defendants have violated his constitutional rights by deducting monies from his institutional account.

Defendant Mack, represented by private counsel, has filed a motion to dismiss [document # 40] and Defendants Brooks, Gorniak, and McCarthy (hereinafter collectively referred to as "the Department of Corrections Defendants") have filed a motion to dismiss or alternatively for summary judgment [document # 34]. Plaintiff has also filed a motion requesting summary judgment in his favor [document # 45]. In opposition to Defendants' pending motions, Plaintiff has filed a motion to quash [document # 37] and motion to dilapidate [document # 43]. In reality, these are not motions at all, but are opposition briefs and the arguments contained therein have been considered by this Court. By separate text order issued this day, the Clerk of Courts will be directed to retitle these documents as opposition briefs. The issues raised in the pending motions are fully briefed and this motion is ripe for disposition by this Court.

### B.    Standards of Review

#### 1)    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

---

[1] Other named Defendants have previously been dismissed from this action.

Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal

pleading rules, during the initial stages of litigation, a district court should construe all

allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.

1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.


### 2.      Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a

claim for relief which contains a short and plain statement of the claim showing that the pleader

is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure

12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded

allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319

(1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will

prevail at the end but only whether he should be entitled to offer evidence to support his claim.

Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court

recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007),

a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to

state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as

true all allegations of the complaint and all reasonable factual inferences must be viewed in the

light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939,

944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they

are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret.

Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion

School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set

forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v.

Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 3.    Motion to dismiss pursuant to 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself

4

the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 4.      Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the

non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.    The *Rooker Feldman* Doctrine

Plaintiff argues that Defendants should not have deducted money from his institutional account for the payment of restitution stemming from his criminal conviction. Plaintiff believes that restitution should be based upon his ability to pay and he is entitled to a hearing to determine such. Defendants move to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine limits this Court's jurisdiction over Plaintiff's claim. The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). See also

6

Lance v. Dennis, 546 U.S. 459 (2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

This holding is consistent with decisions of the Third Circuit Court of Appeals as set

forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000),

cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding
> lower federal court jurisdiction over claims that were actually litigated or
> "inextricably intertwined" with adjudication by a state's courts . . ..
> Further, we have explained that a federal action is inextricably
> intertwined with a state adjudication, and thus barred in federal court
> under *Feldman*, "[w]here federal relief can only be predicated upon a
> conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d

205 (3d Cir.2004).[2]

In this case, as part of the underlying criminal proceeding the state court ordered Plaintiff

to make monthly restitution payments. Thus, application of *Rooker-Feldman* in this instance is

straightforward, as that doctrine does not "permit a disappointed state court plaintiff to seek

---

[2] "As explained by a leading treatise, the relevant inquiry in determining whether a
claim is "inextricably intertwined" for purposes of jurisdiction, is essentially remedy-based:

> Under this understanding of the role of the "inextricably intertwined"
>
> analysis, it appears that the *relief sought* (as opposed to the *issues raised* )
> by the federal plaintiff will be particularly significant in determining
> whether the *Rooker Feldman* doctrine applies. This is because there
> would be no need to consider whether the *issues raised* in a federal suit
> are "inextricably intertwined" with the state-court judgment unless the
> *relief sought* includes the review and rejection of the state-court
> judgment. For example, if the plaintiff seeks relief from the effects of a
> state-court judgment, such as an expungement of a criminal conviction,
> the federal action is barred. On the other hand, if the plaintiff seeks relief
> independent of the state-court judgment, such as a declaration that the
> statute on which the conviction was based is facially unconstitutional, the
> action is not barred. "

In re Stuart, 367 B.R. 541 (Bkrtcy.E.D.Pa., 2007), quoting 18-133 Moore's Federal Practice
Civil § 133.30 (emphasis in original).

review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." <u>Logan v. Lillie</u>, 965 F.Supp. 695, 698 (E.D.Pa.1997).  "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." <u>Id</u>.  Here, if Plaintiff were to prevail on this claim, and this Court were to order that a hearing be held to determine the amount that Plaintiff is comfortably able to pay in restitution, this Court's ruling would necessarily find that the state court was wrong in **its** restitution order, thereby "render[ing] [the state court] judgment ineffectual." <u>FOCUS v. Allegheny County Court of Common Pleas</u>, 75 F.3d 834 (3d Cir.1996).

Thus, this Court lacks jurisdiction to adjudicate Plaintiff's claim regarding the payment of restitution under the *Rooker-Feldman* doctrine and therefore, Defendants' motions to dismiss for lack of subject matter jurisdiction should be granted.


### D.      Plaintiff's motion for summary judgment

Plaintiff has moved for summary judgment arguing that this Court has violated his right to a speedy trial in this matter by not acting quickly enough.  Document # 45.

While the Constitution does provide for a right to a speedy trial, the right only applies in the context of a criminal prosecution.  <u>Barker v. Wingo</u>, 407 U.S. 514, 516 n.1, n.2 (1972) ("The Sixth Amendment provides:'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...").

Accordingly, Plaintiff's motion for summary judgment should be denied.


### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or for summary judgment filed by the Commonwealth Defendants [Document # 34] be granted and the motion to dismiss filed by Defendant Mack [Document # 40] be granted.  Further, it is recommended that Plaintiff's motion for summary judgment [Document # 45] be denied.   This

case should be closed.

By separate text order issued this day, the Clerk of Courts will be directed to retitle Plaintiff's motion to quash [document # 37] and motion to dilapidate [document # 43] as opposition briefs. The Defendants' motion to strike [Document # 46] will be dismissed as moot by text order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. <u>See</u> <u>Nara v. Frank</u>, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).


<u>S/Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: May 9, 2008